346 So.2d 834 (1977)
Joe RHEAMS et al.
v.
Roosevelt McCRAY et al.
No. 11260.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
Robert J. Mack, Hammond, for Joe Rheams et al., plaintiffs-appellees.
Richard B. Nevils, Baton Rouge, Frank L. Koles, III, Amite, for Roosevelt McCray et al., defendants.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is an appeal of the amounts awarded Joe Rheams, plaintiff-appellee, individually and as the tutor of the minor children, Joe Rheams, Jr. and Gladys Rheams, for damages sustained as the result of an automobile accident on June 16, 1975. The award may be broken down as follows:

1) Charity Hospital of New Orleans $1,530.00
2) Lallie Kemp Charity Hospital 767.44
3) Stevens Ambulance Service 62.80
4) Loss of Income 500.00
5) Transportation 700.00
6) Personal Injuries of Joe Rheams, Jr. 7,500.00
7) Personal Injuries of Gladys Rheams 5,000.00

*835 The appellant contends that the award of the Trial Court should be reduced because:
1) The intervention filed by Charity Hospital was dismissed on its own motion;
2) The appellee failed to prove the amount of income lost;
3) The appellee failed to prove the cost of transportation;
4) The award for the personal injuries of Joe Rheams, Jr. was excessive; and
5) The award for the personal injuries of Gladys Rheams was excessive.
The dismissal of Charity Hospital's intervention on its own motion is not evidence which, by itself, would support a reduction of the amount awarded the appellee. While the order dismissing the intervention is evidence that the debt was settled, it is not evidence as to how the debt was settled. If the appellant, Roosevelt McCray, or his insurer, Dixie Auto Insurance Co., paid the Charity Hospital bill they may be entitled to credit for partial payment of the judgment but they are not entitled to a reduction in the amount of the award.
In fixing the awards for loss of income, transportation and the personal injuries of Joe Rheams, Jr. and Gladys Rheams the Trial Judge said:
"Additionally, testimony is that Baca Brown transported the parents to and from Lallie Kemp Charity Hospital each day during which she was in the hospital and subsequently took them to Charity Hospital of Louisiana on each day from June 16, 1975, to July 12, 1975, for a total of 26 days and subsequently had brought them to Charity Hospital of Louisiana on four additional trips, and that he received compensation for each day of transportation of the parents at the rate of TWENTY-FIVE DOLLARS, ($25.00), per day. The record also indicates in the deposition of Dr. Whatley confirms that the child, Joe Rheams, will have to be seen for follow-up visits at Charity Hospital of Louisiana in the future and, therefore, the Court is going to allow transportation expenses in the amount of SEVEN HUNDRED DOLLARS, ($700.00).
"The record reflects that Rheams was employed at a saw mill at the time the accident occurred and as a result of the accident, had to take time off from work to be with his children because the family had four minor children under the age of six and someone had to be going back and forth between the hospitals to take care of them, however, it is not clear what amount of wages Rheams lost as a result of his having to leave his employment, and although not proved with exactitude, the Court is going to allow general damages in the amount of FIVE HUNDRED DOLLARS, ($500.00), to him for his loss of income.
"The minor, Joe Rheams, Jr., received a fracture of the left femur requiring his hospitalization and being placed in skeletal traction with a pin placed through the femur and requiring him being placed in a spica cast which was removed on July 21, 1975. At the time of the doctor's deposition taken on March 19, 1976, the x-rays indicated that the femur had a 35 degree anterior angulation which may or may not improve. The Court observed Joseph Rheams, Jr., and the angulation of his left leg at trial and believes that it shows visually a deformity of the leg. Considering the medical testimony, the personal observation by the Court and similar cases, the Court believes that an award of SEVENTY-FIVE HUNDRED DOLLARS, ($7500.00), for the personal injuries of Joe Rheams, Jr., is adequate.
"The three year old female, Gladys Rheams, suffered internal injuries in the accident requiring surgery. A hematoma was found in the right retroperitoneum and perinephric area, which resulted in internal bleeding. The surgery was successful and the lost blood, approximately *836 250 ccs., was replaced by a blood transfusion.
"Surgery resulted in a scar which the Court examined and felt was approximately four and one-half inches long by one-half inch wide with serious keloid formation.
"On the basis of the personal injuries and the permanent scarring which obviously will have to be corrected by plastic surgery or other surgical procedures, the Court feels that an adequate award for this injury is FIVE THOUSAND DOLLARS, ($5000.00)."
The Trial Judge relied on the uncontradicted testimony of the appellee in fixing the award for loss of income and the uncontradicted testimony of the appellee and Baca Brown in fixing the award for transportation expenses. We find no error in the District Court's acceptance of this uncontradicted testimony.
A claim for loss of wages does not need to be proved with mathematical certainty, but requires only such proof as reasonably establishes the claim. This may consist of the plaintiff's own reasonable testimony, although the better practice is to introduce corroborating testimony. Where there is a legal right to recovery but damages cannot be exactly determined, the Courts have reasonable discretion to assess them based on the facts and circumstances of the case. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). There was no abuse of discretion in the Trial Judge's award for loss of wages and transportation.
In the assessment of damages in cases of offenses and quasi offenses much discretion must be left to the judge or jury. C.C. Art. 1934(3). Before a Court of Appeal can disturb an award made by a Trial Court the record must clearly reveal that the trier of fact abused its discretion in making the award. Coco v. Winston Industries, Inc., La., 341 So.2d 332 (1976).
Considering the nature of the injuries of Joe Rheams, Jr. and Gladys Rheams and the findings of fact of the Trial Court with regard to those injuries, we are of the opinion that the Trial Court did not abuse its discretion in its awards for their personal injuries.
For the above reasons, the judgment of the Trial Court is affirmed. Costs to be paid by appellant.
AFFIRMED.