379 So.2d 1135 (1980)
Peter SMITH and Roy Gordon, Plaintiffs-Appellants,
v.
BURDEN CONSTRUCTION COMPANY, Defendant-Appellee.
No. 14015.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1980.
*1136 Piper & Brown by Frank E. Brown, Jr., Shreveport, for plaintiffs-appellants.
Schober, Clawson & Brabham by Walter F. Clawson, Shreveport, for defendant-appellee.
Before PRICE, HALL and McCLENDON, JJ.
HALL, Judge.
Roy Gordon and Peter Smith sued Burden Construction Company under LSA-R.S. 23:631 and 632, et seq., to recover unpaid wages and vacation pay, together with penalties and attorney's fees. The defendant answered denying any indebtedness and reconvened for loss and expenses incurred by reason of plaintiffs' alleged embezzlement of funds from defendant through a pay roll fraud scheme, pursuant to which Gordon had pled guilty to a charge of theft and made restitution to defendant in the amount of $15,333.38.
After trial, finding that wages were due and that Smith was also involved in the embezzlement, the district court rendered judgment on the main demands in favor of Gordon for $2,092.61 and in favor of Smith for $657.89 for wages due, and on the reconventional demand in favor of Burden against Gordon and Smith, in solido, for $3,657.82 as an offset. The court awarded plaintiff Gordon an attorney fee of $75, being approximately one-fourth to one-third of Gordon's net recovery of $263.70 as calculated by the trial court, which offset one-half of the amount due on the reconventional demand, or $1,828.91, against the amount due Gordon.
Plaintiffs appealed, specifying as error: (1) the finding that Smith was involved in the embezzlement; (2) the acceptance of defendant's evidence of its loss and expenses arising out of the embezzlement; and (3) the failure of the trial court to award a reasonable attorney fee.
The brief filed on behalf of plaintiffs represented that Smith died after rendition of the judgment and before it was signed. Accordingly, this court, in a separate opinion, held the judgment partially for and partially against Smith was a nullity, set it aside, and remanded Smith's action to the district court, with this court retaining jurisdiction of Gordon's appeal. 379 So.2d 1133 (La.App. 2d Cir. 1979). Only the claims by and against Gordon remain before this court at this time, leaving for determination the issues of the sufficiency of the evidence on the reconventional demand and the amount of the attorney fee.
*1137 The defendant's evidence of its expenses does not support the full amount awarded on the reconventional demand and the amount of the judgment against Gordon will be reduced. The amount of the attorney fee awarded is inadequate and will be increased.
Gordon and Smith had been employed by Burden, a construction firm, since 1975. At the time of the events giving rise to this suit Gordon was employed in the Shreveport office as office manager in charge of preparing the daily and weekly pay roll records. On January 18, 1978 it was discovered that Gordon had been engaged in a pay roll fraud scheme for a period of time. He would list fictitious employees on the pay roll records and have pay roll checks made payable to the fictitious employees. Gordon forged endorsements on the checks made payable to the fictitious employees and cashed them.
Gordon was arrested a few days after the scheme was discovered and his employment was terminated. He had seven days pay due from the date of his last pay check and had five weeks accumulated vacation pay due to him. The trial court calculated the amount of wages and vacation pay due to Gordon to be $2,092.61 and no complaint is made on appeal by either party as to that amount.
In cooperation with the Shreveport Police Department, the defendant company made an extensive investigation into the embezzlement in order to obtain evidence supporting the prosecution of Gordon and to determine the full extent of Gordon's theft. In April Gordon pled guilty to a charge of theft and made restitution of $15,333.38 to his former employer, being the gross amount of the wages shown to be due the fictitious employees, before deductions. In June 1978, for the first time, demand was made on the defendant by the plaintiff for payment of the wages due. When no payment was made suit was filed in August.
Because of its ongoing investigation to determine the full extent of its loss and because the defendant company had a good faith, reasonable belief that Gordon was indebted to the company for the company's loss and expense in excess of the amount owed to him, the company's good faith, equitable defense was justified and the trial court correctly held that no penalty wages were due. See Carriere v. Pee Wee's Equipment Company, 364 So.2d 555 (La. 1978). Appellant makes no complaint about the judgment in this respect.
On appeal appellant contends that the evidence was insufficient to support the judgment on the reconventional demand in the amount of $3,657.82. The record does not disclose the basis on which the trial court arrived at this particular figure.
Defendant's evidence of its loss and expense consisted of the testimony of defendant's president, Burden, who verified the accuracy of an exhibit filed into evidence showing a total loss of $19,006.70. The exhibit itself has no probative value, not having been prepared in the regular course of the defendant's business as a business record and being merely a helpful written summary of the items of loss and expense as testified to by Burden from his own familiarity and knowledge of the facts.
The evidence establishes that the company sustained a direct loss of $10,164.16 for the actual amount of the checks written to the fictitious employees and cashed by Gordon, plus $424.44 workmen's compensation insurance premium paid to defendant's insurer by reason of the two fictitious employees being carried on the pay roll. The exhibit showed investigation expense including $1,660.25 for CPA fees, $5,425 for time spent by Burden personnel on the investigation, $603.15 for travel expense of Burden personnel, and $729.79 for miscellaneous expenses. No records or supporting data such as invoices or time records were offered in support of the figures shown on the exhibit. However, Burden testified that he had personal knowledge of the items shown on the exhibit and that the items shown thereon were accurate and correct.
The trial court accepted the figures shown on the exhibit as verified by defendant's *1138 president, except that the court held defendant was entitled to recover only two-thirds of the $5,425 shown for the time Burden's salaried personnel spent on the investigation.
We find no error in the trial court's acceptance of Burden's testimony as being trustworthy and as establishing the items of loss by a preponderance of the evidence. Even though unsupported by invoices or detailed records, the testimony was trustworthy, was uncontroverted, and was in accord with reason and probability. See Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Rheams v. McCray, 346 So.2d 834 (La.App. 1st Cir. 1977); Smith v. Frederick, 221 So.2d 306 (La.App. 4th Cir. 1969); Allen v. Baucum, 218 So.2d 662 (La.App. 4th Cir. 1969); Campo v. LaNasa, 173 So.2d 365 (La.App. 4th Cir. 1965); Sutherlin Sales Co. v. United Most Worshipful, Etc., 127 So.2d 253 (La.App. 4th Cir. 1961).
Appellant contends that defendant is not entitled to recover for the time of its salaried employees spent on the investigation and handling of the embezzlement because these employees would have drawn their salary whether they were working on the embezzlement or not, and the company suffered no actual loss in this respect. This contention ignores the reality of the cost and expense of doing business by a company which carries on its business through regularly employed personnel. The defendant company is entitled to recover as an item of damage the established value of its employees' time required to repair the harm caused by the plaintiff's intentional tort as a direct result thereof. Louisiana Power & Light Co. v. Smith, 343 So.2d 367 (La.App. 4th Cir. 1977); Rader v. Harper Aviation, Inc., 246 So.2d 362 (La.App. 4th Cir. 1971). The trial court correctly exercised its discretion in awarding defendant two-thirds of the amount claimed in respect to this item of damage. Two-thirds of the $5,425 claimed is $3,613.05.
One of the items of miscellaneous expense claimed by defendant is $577.79 for interest at 11 percent. There is no legal basis for the recovery of interest as an item of damage.
Recapitulating, defendant established loss and expense in the amounts of $10,164.16 for the amount of the checks cashed by Gordon, $424.44 workmen's compensation insurance premium paid by reason of Gordon's fraud, $1,660.25 for accounting and audit fees, $3,613.05 for time spent by defendant's salaried personnel on the investigation, $603.15 for travel expense of Burden personnel, and $152 for miscellaneous expense, or a total of $16,617.05. Subtracting the $15,333.38 for which Gordon made restitution to defendant gives a net uncompensated loss to defendant of $1,283.67. Accordingly, the judgment on the reconventional demand against Gordon will be reduced to that amount. This gives Gordon a net recovery of $808.94.
The trial court was understandably reluctant to award any attorney's fee to Gordon, an admitted embezzler. Feeling bound by Carriere, supra, to award some attorney's fee, the trial court set the fee at approximately one-fourth to one-third of the amount of Gordon's net recovery as calculated by the trial court, or $75. Carriere squarely holds that attorneys' fees must be awarded when any recovery is made by an employee in a suit for wages under LSA-R.S. 23:631 and 632, regardless of the fact that the employer has presented an equitable defense based on a good faith dispute arising from a reasonable and nonarbitrary belief that the wages sued for were not due.
Considering the increase in Gordon's net recovery for wages due to him by the defendant and taking into account the usual factors in setting a reasonable attorney's fee provided by statute, we award to appellant the sum of $500 as attorney's fees.
For the reasons assigned, the judgment appealed from is amended in part and is recast as follows:
It is ordered, adjudged, and decreed that there be judgment herein in favor of Roy Gordon against Burden Construction Company *1139 in the amount of $2,092.61, together with $500 attorney's fees and, on the reconventional demand, in favor of Burden Construction Company against Roy Gordon in the amount of $1,283.67 as an offset against the judgment in favor of Gordon against Burden.
It is further ordered, adjudged, and decreed that the costs of these proceedings, including the cost of appeal, be assessed one-half to Burden Construction Company and one-half to Roy Gordon.