ARMSTRONG, Judge.
This is a suit for damages for personal injuries sustained as a result of a car accident.
*512 On February 23, 1981, plaintiff, Janice Mushatt, was driving down Chef Menteur Highway in New Orleans. Her young son James was in the car with her. Ms. Mush-att’s car was struck in the rear by a van driven by defendant appellant Eugene Bar-ouise, and owned by defendant appellant South Central Bell Telephone Co. (South Central Bell). Both Ms. Mushatt and James sustained injuries.
Ms. Mushatt filed suit on her behalf and on behalf of James against Mr. Barouise and South Central Bell. After a trial on the merits the trial court awarded Ms. Mushatt damages as follows:
Past pain and suffering $40,000.00
Future pain, suffering and $20,000.00 disability
Lost Income $40,000.00
Future Medical Expenses $10,000.00
The trial court also awarded James Mush-att $2,000.
On appeal defendant, South Central Bell, first claims that the trial court’s award for past and future pain and suffering and future medical expenses should be reduced because the plaintiff failed to establish a causal connection between the accident and plaintiff’s ruptured disc problems.
We must disagree. R.C. Llewellyn, M.D., one of five doctors who testified at trial, stated that he thought that Ms. Mush-att’s problems were precipitated by the injuries she received in the car accident. Dr. Llewellyn also testified that Ms. Mushatt’s medical problems were consistent with the trauma she received in the accident. All of the other doctors who testified found that plaintiff suffered from some degree of cervical and lumbrosacral strain.
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). Given the testimony of the doctors in this case, particularly Dr. Llewellyn, we find that the trial court had a reasonable factual basis for its determination, and that the court did not err in finding that all of Ms. Mushatt’s medical problems were caused by the accident.
Defendant also claims that the trial court erred in awarding Ms. Mushatt $40,-000.00 for loss of income. Defendant claims that this award is not supported by the evidence.
The evidence presented at trial indicated that at the time of the accident Ms. Mush-att was unemployed. Ms. Mushatt testified that approximately one month after the accident she received a call from Ochs-ner Hospital offering her a job but she was unable to accept employment due to the injuries she had suffered in the accident. Dr. Llewellyn testified that Ms. Mushatt was 1⅝% permanently disabled and 100% functionally disabled, indicating that she would not be able to work in the future. In addition, Seymour Goodman, a professor of economics, testified that the present value of her future employment at a salary of $700 monthly would be $40,000.00.
“[A] claim for loss of earnings need not be proved with mathematical certainty, but only by such proof as reasonably establishes the claim. This may even consist only of plaintiff’s own reasonable testimony, if accepted as truthful...” Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151, 154 (1971).
Thus, we find that there was adequate evidence in the record to support the trial court’s award for lost earnings.
Defendant also argues that there is no evidence to support the award of $2,000.00 to James Mushatt and that the award is excessive. James Mushatt testified that after the accident his head and his arm hurt. In addition, Ronald C. Wyche, M.D. testified that James suffered from post traumatic headaches as a result of the accident. This evidence indicates that there was a reasonable factual basis for the trial court’s award. “[Bjefore the Court of Appeal can disturb an award made by a trial court ... the record must *513 clearly reveal that the trier of fact abused its discretion in making its award.” Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1977). We find no abuse of discretion regarding the amount of the trial court’s award to James Mushatt.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.