487 So.2d 555 (1986)
Clifford L. SHERLOCK
v.
Henry L. BERRY, Haynes Motor Lines, Inc., and the Paxton Insurance Company.
No. CA-4603.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*556 Darleen M. Jacobs, New Orleans, for Clifford L. Sherlock, plaintiff-appellee.
Robert H. Cooper, Blue, Williams & Buckley, Metairie, for Henry L. Berry and Haynes Motor Lines, defendants-appellants.
Before GULOTTA, SCHOTT and BARRY, JJ.
BARRY, Judge.
A truck driver was rear-ended and awarded $55,000.00 for pain and suffering, $95,000.00 for lost wages, $2,358.00 for medical expenses and $4,498.83 for property damage. Defendants originally specified as error the court's denial of a continuance and contributory negligence, but both questions were waived during argument. The only issue is quantum.
Plaintiff Clifford Sherlock, 59 years old, has an eighth grade education. He drove a truck for thirty-four years and was the sole support of his family. On November 10, 1982, the day after the accident, Sherlock had pain in his hip which would shoot down to his leg. On November 16 he was examined by Dr. George Murphy, orthopedic surgeon, who testified he found limitation in forward flexion and lateral bending. Xrays revealed considerable narrowing and a osteophyte formation in the L5-S1 and L4-5 disc areas. Sherlock was given medication, told to use deep heat treatment and avoid lifting and bending.
Sherlock returned to work although he experienced pain when he sat for a long period of time. The doctor recommended he drive for short periods and then walk around. Several times his back "gave out" and he was unable to straighten for a day or so. Dr. Murphy testified Sherlock's condition did not improve and pain persisted.
Sherlock continued to drive because that was his only means of income and took medication when the pain got intense. From the beginning Dr. Murphy told Sherlock to drive as long as he could tolerate it. By December, 1983 Sherlock had aggravating pain, especially when driving.
By July, 1984 the pain increased significantly and radiated into the hips. By October, 1984 the symptoms continued to increase and double pain medication was prescribed. On March 7, 1985 Sherlock's condition worsened and he was told to retire.
Dr. Murphy's diagnosis was degenerative osteoarthritis of the lumbar spine that became symptomatic because of the accident. He testified Sherlock's retirement might stop progression of the problem and possibly avoid surgery.
Dr. Rayburn Llewellyn, neurosurgeon, saw Sherlock on December 3, 1984. The defendants emphasize that Dr. Murphy found no muscle spasm, but Dr. Llewellyn testified there was pain in Sherlock's paraspinous muscles, muscle spasm in the lower back, restriction in waist bending, and discomfort with the leg raised more than 60 degrees. He noted a sprain would have *557 reached maximum response to treatment and recommended a CAT scan which was done January 14, 1985.
According to the radiologist the scan indicated a narrowing of the normal bone opening to the spinal canal at L3-4 and L5-S1. A calcified structure with the appearance of herniated disc fragments was found on the left at L5-S1. Dr. Llewellyn felt the disc fragment resulted from an injury occurring more than one year earlier because the disc was torn and the fragments calcified. Dr. Llewellyn said the narrowing of the bone canal could be made symptomatic by trauma and a decompression operation might be necessary. Whether or not Sherlock had surgery, Dr. Llewellyn would not recommend that he drive a truck. The doctor felt Sherlock should not lift 25 pounds and was 100 percent disabled as to driving a truck.
The defendants focused on a February 9, 1983 physical given by Dr. Pierre Esman for a new employer. Sherlock did not mention the accident or pain and medication. The trial court noted that Dr. Esman would not have recommended Sherlock for employment had the doctor known he was in pain or on medication.
The defendants submitted a letter from Dr. Robert Mimeles, orthopedic surgeon, who saw Sherlock one time on January 23, 1985. He found marked narrowing and degenerative changes at L5-S1. His opinion, rendered prior to the CAT scan, indicated that Sherlock had a severe arthritic spine. Dr. Mimeles did concede the accident could have caused soft tissue injuries (which would have been resolved) and the flaring up of pre-existing arthritis.
We find the medical testimony sufficient to support a finding that the accident either caused a herniated disc which calcified or aggravated an existing arthritic condition.
Recompense for pain and suffering cannot be calculated with any precision. Walton v. William Wolf Baking Company, 406 So.2d 168 (La.1981), quoting Boutte v. Hargrove, 290 So.2d 319, 322 (La.1974). Sherlock's claims of continuing and increasing pain, especially while driving, were corroborated by the doctors' testimony.
The trial court has much discretion in making damage awards. An appellate court must not disturb the assessment of damages unless the record clearly demonstrates an abuse of that discretion. La. C.C. Art. 1934(3) (pre-1985); Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977). Since the trial judge has a closer contact with the injured party, he is able to better decide the actual loss. Profit v. Linn, 346 So.2d 253 (La.App. 1st Cir.1977); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We find no abuse in the $55,000.00 award for pain and suffering.
Sherlock testified his 1983 income was $23,367.00 versus $17,476.00 in 1984 and he related the drop to missed work. To recover $5,000.00 for lost wages Sherlock must not only show he missed work but also that the cause of his absence was the accident. Champagne v. Lee, 470 So.2d 378 (La.App. 5th Cir.1985), writ not considered 472 So.2d 911 (La.1985).
A claim for lost wages need not be proven with mathematical certainty; it only requires such proof as reasonably establishes the claim. This may consist of the plaintiff's own reasonable testimony. Rheams v. McCray, 346 So.2d 834 (La.App. 1st Cir. 1977), writ denied 351 So.2d 154 (La.1977); Bize v. Boyer, 402 So.2d 110 (La.App. 3rd Cir.1981), affirmed 408 So.2d 1309 (La. 1982).
The defendants tried to show there were other reasons for the lost time, but the trial court evidently believed the accident and resultant injury caused the loss which we find credible, see Green v. Superior Oil Company, 441 So.2d 54 (La.App. 3rd Cir. 1983).
The $90,000.00 award for future lost wages is apparently based on $15,000.00 a year for the six years (until age 65) which Sherlock was expected to work. Sherlock's tax returns for 1977 ($19,127.00), 1978 ($18,392.00), 1979 ($22,193.00), *558 1980 ($19,834.00), 1981 ($20,313.00), 1982 ($21,916.00), 1983 ($23,367.00), and 1984 ($17,476.00) were admitted along with a copy of La.R.S. 47:2405 which outlines life expectancies. Sherlock testified he intended to work until he was ineligible for a driver's license. He claimed no intention to voluntarily retire before age 67.
The facts of each case must take into account many factors, including the plaintiff's physical condition prior to the accident, his work record, the amount of earnings in previous years, and the probability that he would have earned a similar amount for the remainder of his work life had he not been injured. Vial v. Armstrong, 479 So.2d 583 (La.App. 1st Cir. 1985), writs denied 481 So.2d 634, 635 (La. 1986); Johnson v. Dufrene, 433 So.2d 1109 (La.App. 4th Cir.1983), writ denied 441 So.2d 765 (La.1983). Proof need only be that which would reasonably establish the claim; it may even consist of the plaintiff's own testimony if accepted as truthful. Mushatt v. Barouise, 474 So.2d 511 (La. App. 4th Cir.1985).
Deference to the trial court is particularly appropriate where the appellate court is asked to review loss of future wages since such awards are inherently speculative and cannot be fixed with mathematical precision. Morgan v. Willis-Knighton Medical Center, 456 So.2d 650 (La.App. 2d Cir. 1984); Robinson v. Graves, 343 So.2d 147 (La.1977).
The trial court's findings should "prevail unless the method of calculation is patently irrational or the calculations themselves are mathematically inaccurate." Johnson v. Dufrene, 433 So.2d at 1114. We have no basis to disturb the award.
The judgment is affirmed.
AFFIRMED.