PLOTKIN, Judge.
Defendant Orleans Parish School Board (OPSB) seeks review of a trial court judgment awarding plaintiff Joseph Y. Williams III back wages based on a retroactive Army promotion. Williams cross-appeals, seeking attorney fees under LSA-R.S. 23:631 and 632. We affirm.
FACTS
Most of the facts in this case were stipulated by the parties prior to trial; other facts were presented to the court in the form of documents. Williams was employed by the OPSB from June 1, 1981 to August 12, 1983 as an instructor in a Junior Reserved Army Training Corps (JROTC) program at Booker T. Washington High School under a contract between the high school and the United States Army, which obligated the school to pay instructors “as a minimum, an amount equal to the difference between their retired pay and the active duty pay and allowances, excluding hazardous duty pay, which they would receive if ordered to active duty for that period of time during which such personnel perform duties in direct support of Junior ROTC.” The contract further obligated the Army to pay to the school one-half of the amount described above. A review of pertinent Army Regulations, la-belled AR 145-2, section 6-29 through 6-45, reveals that the Army’s obligation under the contract was to reimburse the school one-half of the minimum wage after receiving proper verification from the school. The regulations provide that although the school was allowed to determine “the amounts due to the retired officers and noncommissioned officers hired as instructors,” the Army determined the “minimum instructor pay for each hired instructor and the Army’s contribution to that pay.”
Prior to his employment, on July 14, 1980, Williams was informed by letter that he was scheduled for promotion from captain to major effective December 12, 1981. On May 31, 1981, Williams retired from active duty in the Army; he became employed by the defendant the next day. His certificate of discharge was issued June 4; it listed his rank as captain. Although his promotion was originally scheduled for December of 1981, it had not been finalized when he resigned his position with Booker T. Washington High on August 12, 1983. During the entire term of his employment, Williams’ pay was calculated based on his rank as captain; he also received a total of $2,075.92 above the minimum wages required to be paid to a captain.
On May 7, 1985, Williams was informed that the reason for the delay in his promotion was an error in his records which resulted in calculation of an incorrect promotion eligibility date. The correct date was December 19, 1980, Williams was told, almost a year earlier than originally believed. On October 23, 1985, the Army Board of Corrections of Military Records issued a judgment promoting Williams to major, retroactive to December 19, 1980. Williams was notified of that decision on December 2, 1985.
As a result of the judgment of the Board of Corrections, Williams made formal demand for back wages on the defendant, OPSB, through its superintendent Dr. Everett J. Williams, by letter dated November 17, 1987. When the school board failed to *644 respond to his formal demand, Williams filed the instant suit on May 2, 1988, seeking recovery of past due wages, as well as penalties, attorney fees and interest under the provisions of LSA-R.S. 23:631 et seq.
The OPSB originally filed a peremptory exception of prescription, claiming that Williams’ suit had prescribed August 12, 1986, three years after his resignation on August 12, 1983. The trial court referred the prescription issue to the trial on the merits. On March 28, 1989, the trial court issued a judgment awarding Williams $6,043.16 in back wages plus interest, but denying his request for penalties and attorney fees. The trial court’s judgment does not address the defendant’s exception of prescription.
WILLIAMS’ ENTITLEMENT TO PAST WAGES
On appeal, OPSB challenges the trial court’s decision awarding Williams past due wages, making three major arguments. OPSB claims that the trial court erred in (1) failing to maintain its exception of prescription, (2) misinterpreting the contract between Booker T. Washington High and the Army, and (3) failing to find that the, back payments are an unconstitutional gratuity. Prescription
OPSB claims that the following prescription articles are applicable to the case at hand:
Art. 3494 Actions subject to a three-year prescription
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions ....
Art. 3495 Commencement and accrual of prescription
This prescription commences to run from the day payment is exigible....
Williams argues that a ten-year prescriptive period applies to persons employed under salaried contracts; he cites jurisprudence in support of this theory.
However, because we find that Williams’ claim had not prescribed even under the three-year period established by La.C.C. arts. 3494 and 3495, it is unnecessary for us to determine the proper prescriptive period for this action.
La.C.C. art. 3594 states that the three-year prescriptive period established by art. 3494 commences on the day payment becomes “exigible.” Black’s Law Dictionary defines exigible as “demandable; requira-ble.” In the instant case, Williams’ claim for back wages was not demandable or requirable until his promotion had been completed and his records had been corrected. That occurred, at the earliest, when the Board of Corrections issued its judgment on October 23, 1985. Williams was not informed of the judgment until December 2,1985. Williams’ suit, which was filed May 2,1988 was timely because it was filed within three years of the time the payments became “exigible,” regardless of whether the date the prescription period commenced was the date the judgment was rendered or the date Williams was informed of the judgment. Therefore, the trial court was correct in its failure to maintain OPSB’s exception of prescription.

Contractual Arguments

OPSB claims that the trial court misinterpreted the contract between Booker T. Washington High and the Army in the following ways: (1) finding that the contract contemplated retroactive pay increases, (2) holding that OPSB was responsible for a retroactive pay increase given by a third party, (3) holding that OPSB was responsible for 100 percent of the pay increase, and (4) disallowing a setoff for extra compensation previously paid to Williams.
We find no merit in any of OPSB’s arguments. As the trial court noted, the agreement between Booker T. Washington High and the Army is regulated by 10 U.S.C.A. Sec. 1552, which permits retroactive correction of records, and by Army regulations. As the trial court found, OPSB ratified that contract by performance thereunder during Williams’ tenure at Booker T. Washington High. By ratifying the contract, OPSB agreed to employ re *645 tired Army officers as JROTC instructors and agreed to a wage formula which was dependent on the rank of the officers employed; thus OPSB agreed to a variable term in the formula establishing instructors’ minimum wages. OPSB freely ratified a contract which was controlled by certain known regulations and statutes, a contract which entitled both OPSB and the Army to certain rights and responsibilities. Had Williams’ rank decreased, provisions exist which would have allowed OPSB to recover overpayments. The rank of a military officer is not permanent. OPSB is bound by the terms of the contract. Thus, we find no manifest error in the trial court’s decision awarding the wages to Williams.
Additionally, a close review of the contract provisions and the pertinent regulations reveals that the school is obligated to pay the instructor 100 percent of the difference between his retired pay and active duty pay, not one-half of the difference. As noted by the trial judge, OPSB is entitled to reimbursement of half of the payments from the Army upon presentation of proper verification. However, the initial payment to Williams is due solely from the school board.
Regarding OPSB’s arguments that it is entitled to a set-off against the amount owed Williams for overpayment previously paid, we find no evidence that the over-payments were intended to be anything other than an extra bonus. The payments certainly were not made pursuant to the contract. Additionally, there is no evidence that OPSB would not have given Williams the bonuses even if it had known that he was in fact a major, rather than a captain.

Constitutionality

On appeal, OPSB argues for the first time that the payment of back wages to Williams is an unconstitutional gratuity. Since this argument was not presented at the trial court, this court is not required to consider it. However, a review of the jurisprudence and other evidence cited by OPSB in support of the argument convinces us that the payments involved here are not prohibited by La. Const, art. 7, sec. 14(C), as OPSB claims. The OPSB cites Op.Atty. Gen. 89-190, 4/13/89, in which the Attorney General, in response to an inquiry from the St. James Parish School Board, stated, that La. Const, art. 7, sec. 14(C), prohibits the gratuitous alienation of public property, funds or things. The opinion explains that retroactive compensation is unconstitutional and that payment, to be legal, must not be extra compensation for past services rendered. This opinion was issued pursuant to a case which has little resemblance to the one at bar, either factually or legally. The same is true of McElveen v. Callahan, 309 So.2d 379 (La.App. 3 Cir.1975), writ denied 313 So.2d 602 (La.1975), which concerned a sheriff’s lump sum payments to several members of his staff upon his retirement.
Based on the foregoing discussion, we are unable to find that the trial judge was manifestly erroneous in awarding past wages to Williams based on his retroactive promotion from captain to major. The trial court’s interpretation of the contract between Booker T. Washington High and the Army is reasonable and supported by the evidence. Therefore, we affirm the award of $6,043.16 to Williams.
WILLIAMS’ ENTITLEMENT TO ATTORNEY FEES
In his original suit, Williams sought payment of back wages, penalties, attorney fees and interest from OPSB under LSA-R.S. 23:631 and 632. The trial court denied any recovery of penalties or attorney fees. On appeal, Williams concedes that he is not entitled to penalties under the circumstances presented by this case because OPSB had equitable defenses to the action; he appeals the denial of attorney fees.
The statutes provide, in pertinent part, as follows:
Sec. 631. Discharge or resignation of employees; payment within three days after termination of employment
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the *646 duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment. ...
Sec. 632. Liability of employer for failure to pay; attorney fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the evént a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
(Emphasis added.)
The language of the above statutes is clear. Employees who file a “well-founded suit” for past wages are entitled to recover attorney fees. The jurisprudence interpreting the provision makes it clear that any suit won by the employee is a “well-founded suit.” See Carriere v. Pee Wee’s Equipment Co., 364 So.2d 555 (La.1978); McFarland v. Texhoma Contractors, Inc., 449 So.2d 1106 (La.App. 5th Cir.1984). “[Attorneys’ fees must be awarded when any recovery is made by an employee in a suit for wages under LSA-R.S. 23:631 and 632, regardless of the fact that the employer has presented an equitable defense based on a good faith dispute arising from a reasonable and nonarbitrary belief that the wages sued for were not due.” Smith v. Burden Construction Co., 379 So.2d 1135, 1138 (La.App. 2d Cir.1980), citing Carriere, supra. Williams argues that attorney fees are therefore mandatory and that the trial court had no discretion to deny him recovery of those fees.
The trial judge noted that LSA-R.S. 23:631 et seq. provides a remedy only for persons seeking wages “then due” when he resigns. The judge found that Williams’ rights under those statutes were unclear because the wages were not due until the court determined that they were due and because OPSB paid Williams everything it knew he was entitled to receive upon his resignation. The trial judge concluded that OPSB “should not be taxed penalties and attorney fees for sums which they [sic] did not know Williams had a right to and which were not even known to be possibly due until 1985 when the Army retroactively raised Williams’s rank to that of Major.”
We find no manifest error in the trial court’s implicit holding that Williams’ suit did not fall under the provisions of LSA-R.S. 23:631 and 632. The trial court found, and this court has affirmed, that Williams was entitled to back wages based on his retroactive promotion because of the language of the contract between Booker T. Washington High and the Army. Although Williams sought recovery under LSA-R.S. 23:631, reference to the clear language of that statute reveals that Williams had no rights under that provision. The back pay that he sought was not due until after his promotion was finalized and his records were corrected; certainly it was not due at the time of his resignation. In all of the cases cited by plaintiff which make the recovery of attorney fees mandatory, it is clear that the factual situation was covered by the provisions of LSA-R.S. 23:631. As the trial court noted, that is not true in the instant case; therefore, the mandatory rule does not apply to this case. We affirm the trial court decision on this issue.
CONCLUSION
For the above and foregoing reasons, the trial court judgment awarding plaintiff Joseph Y. Williams III $6,043.16 in back wages and denying recovery for attorney fees is affirmed.
AFFIRMED.