572 So.2d 1194 (1990)
Charles WOOLFARTH, Jr., et al.
v.
CITY OF NEW ORLEANS, et al.
No. 90-CA-0651.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1990.
Edward J. Cloos, III, Metairie, for plaintiffs-appellants Charles Woolfarth, Jr., et al.
Bruce G. Whittaker, Asst. City Atty., Val K. Scheurich, III, Deputy City Atty., William D. Aaron, Chief Deputy City Atty., Okla Jones, II, City Atty., New Orleans, for defendants-appellees City of New Orleans, et al.
Before SCHOTT, C.J., and KLEES and CIACCIO, JJ.
KLEES, Judge.
Plaintiff, Robert Crowe brought this action against the City of New Orleans and Officer Jerry Warner for injuries sustained on August 29, 1984, when the car in which *1195 Crowe was a guest passenger was struck from the rear by a police car driven by Officer Warner. The sole issue on appeal is quantum.
Plaintiff was awarded $25,000 in general damages for pain and suffering as a result of an injury to the spine, $5,538 in medical bills, and $250 for expert witness fees. In his appeal, plaintiff contends that the amount of damages awarded by the trial court was manifestly inadequate, specifically urging four assignments of error: 1) the amount of general damages awarded was inadequate, and the trial court erred in reducing the general damage award based on prior accidents because evidence regarding plaintiff's prior medical condition was not properly before the court; 2) the trial court erred in failing to award any sum of money for lost wages and/or lost earning capacity and in refusing to admit into evidence certain records and testimony pertaining to plaintiff's business activity; 3) the trial court erred in awarding an inordinantly low amount as an expert witness fee for the deposition testimony of Dr. Thomas Purser; and 4) the trial court erred in failing to award damages for future medical care.
Our review of damage awards granted by the trial court is narrow. Unless the record demonstrates that the trial court abused its "much discretion," the appellate court should not disturb the award. Coco v. Winston Industries, Inc., 341 So.2d 332, 334 (La.1976). After reviewing all of the evidence and applicable law, we affirm.
First, plaintiff asserts that the trial judge abused its discretion in awarding an inadequate amount of general damages. On the day of the accident, August 29, 1984, Crowe was taken by ambulance to Pendelton Memorial Methodist Hospital where he was treated for pain in the neck and discharged. Thereafter, Crowe came under the care of Dr. Thomas Purser, a board certified orthopedic surgeon. Dr. Purser first examined Crowe on September 4, 1984, four days after the accident, and diagnosed a "probable or possible herniated disc at c-4/c-5 left." Crowe was placed on a regimen of conservative treatment and restricted from work.
Crowe was hospitalized at Pearl River County Hospital from September 24 through September 27, 1984, where he received physical therapy treatment twice a day and was prescribed bedrest with only bathroom privileges. No diagnostic tests were performed during the hospitalization. Crowe was continued on conservative treatment of diathermy and moist heat by Dr. Purser's office personnel through 1984 and into 1985, with no diagnostic changes. On June 19, 1985, Dr. Purser examined Crowe and changed his diagnosis to "healing nerve root compression at C-5/6 left, and nerve root compression of L-5 left." At that time, Dr. Purser described the injury as "probably a stretch injury mechanism and not a herniated disc, the irritation being a result of the stretch." Crowe was continued on conservative treatment throughout 1985 and 1986, while physical therapy was continued and the strength of the medication was decreased. In Dr. Purser's first deposition on August 7, 1986, he stated that "he is rapidly reaching a point of maximum benefit which he shouldn't be restricted at all ... he will have permanent disability of the lumbar spine in relation to the body of two to three percent ... for general work activity he has about reached a point where he should be able to perform any activities he was [able to perform] before the accident."
In the second deposition of Dr. Purser on September 25, 1987, he acknowledged that the only history he was given regarding Crowe's injuries was relative to the 1984 automobile accident. For the remainder of 1986, plaintiff continued conservative treatment, generally every thirty days. Plaintiff then went for three months without seeing Dr. Purser. On March 26, 1987, Crowe saw Dr. Purser for severe pain in the right shoulder and tenderness in the subacromial bursa. Dr. Purser eventually determined that the reason for this complaint was a "probable herniated disc at C5-6 on the right." Based on the medical history revealed by Crowe, Dr. Purser felt that this problem was related to the 1984 *1196 accident. Crowe's next visit was April of 1987 wherein Dr. Purser found bilateral muscle spasm and decreased sensation to pin prick at C5-6 on the right. At that point, Dr. Purser had the impression that Crowe had a herniated disc.
In the final deposition on March 14, 1988, Dr. Purser revealed that a CAT scan had been performed and showed "a sign of a disc herniation at the C5-6 level. He acknowledged that there could have been causes for the sign he observed on the film other than the herniation.
On cross examination, plaintiff for the first time admitted having been in two serious automobile accidents prior to the one at issue, with at least one involving serious injury to his back. In both accidents, plaintiff had filed lawsuits and recovered money damages. No such medical history was revealed to Dr. Purser during the course of treatment nor was any significant history revealed to Dr. John Montz, an orthopedic surgeon and independent evaluator who examined the plaintiff on April 24, 1987.
We find that the import of Dr. Purser's testimony was greatly diminished because his diagnosis and opinion were based on false history. Considering plaintiff's dishonesty to his treating physician, the trial court was justified in discounting plaintiff's complaints. We therefore conclude that the trial court did not abuse its "much discretion" in determining the amount of general damages.
Plaintiff asserts that medical records covering his previous injuries were erroneously placed in evidence because they were not properly authenticated. Even if this assertion is correct it would constitute harmless error because the trial judge knew from plaintiff's testimony about the previous injuries.
Finally, plaintiff argues that the trial court's award of $25,000 is necessarily inadequate as a matter of law because of a statement by the judge in oral reasons for judgment that $50,000 would be the normal award for a back injury like plaintiff's, but he was "going to cut that in half for those two prior accidents." We fail to see how this remark somehow makes the court's award automatically vulnerable or legally questionable. As we interpret the comment, the judge thought half of plaintiff's pain and suffering, would have been suffered even without the present accident. In other words the judge concluded that he could attribute only half of plaintiff's problems to the present accident. The appellate court should not nit-pick at the methodology employed by the trial court in the exercise of its discretion in making an award for general damages.
Plaintiff next alleges that the trial court erred in denying an award for lost wages and/or lost earning capacity and for refusing to admit business records and testimony concerning business activity. A claim for lost wages need not be proved with mathematical certainty; it only requires such proof as reasonably establishes the claim. This may consist of the plaintiff's own reasonable testimony. Sherlock v. Berry, 487 So.2d 555 (La.App. 4th Cir. 1986), Rheams v. McCray, 346 So.2d 834 (La.App. 1st Cir.1977), writ denied 351 So.2d 154 (La.1977).
The plaintiff, who was a self-employed horse trainer, failed to present any credible testimony regarding lost wages or earning capacity. The testimony that plaintiff attempted to introduce was "bills" that his wife had drafted to his clients. However, plaintiff's wife was not present to testify concerning these bills, which in any case are speculative in nature and would not constitute positive proof of lost wages. Additionally, plaintiff failed to file income tax returns for the three years preceding the accident. In view of the lack of evidence, we find that any award would have been speculative and unsupported by the record. Therefore, the trial court was correct in not awarding damages for lost wages or earning capacity.
Plaintiff also claims that the trial court erred in awarding an insufficient amount as an expert witness fee for Dr. Purser's depositions and testimony. Our review of the record shows the amount to be adequate, and we affirm.
*1197 Lastly, plaintiff argues that the trial court erred in failing to award any future medical expenses. We find that plaintiff's claims for future medical expenses were also speculative, they depended in large measure on his credibility which was in doubt, and the trial court did not abuse its discretion by rejecting the claim.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.