GOTHARD, Judge.
The plaintiff, Kenneth Williams, appeals the amount of his jury award for injuries incurred in an automobile accident. He also appeals the court’s casting him for costs of a jury venire.
The accident took place on November 15, 1988, on a stretch .of River Road between Norco and Destrehan where Delta Asphalt, Inc. was resurfacing and widening the road. The eastbound lane had been closed, with flagmen at each end of the westbound lane regulating traffic east and west on that lane. No flagmen were posted at the side streets. Williams’ vehicle was struck in the rear by Dennis Diehl when a driver entered from a side street and proceeded against traffic. Eastbound vehicles were forced to stop suddenly, and Diehl drove into the rear of Williams’ vehicle. Williams was injured, primarily in the lower back, and eventually had *253 a laminectomy. He still complains of pain and his physician has recommended further surgery.
The appellant filed suit timely against Dennis Diehl, Delta Asphalt, State Farm Insurance Company, Diehl’s insurer, and Automotive Casualty Insurance Company, Williams’ uninsured motorist carrier. A three-day jury trial, beginning on October 20, 1992, resulted in a verdict in favor of the plaintiff, finding Diehl to be 80% at fault and Delta Asphalt to be 20% at fault. The jury’s itemized award was in the amount of $16,-890.69. On November 6, 1992, the court signed a judgment adopting the jury’s verdict and apportioning the award and court costs between the defendants. On February 17, 1993, after hearing a rule to show cause, the trial judge signed an additional judgment assessing $2,407.00 in jury costs against the plaintiff for the venire called for a trial date that was continued at the plaintiffs request. The plaintiff has appealed both judgments.
The plaintiff raises the following issues: 1) whether the court erred in refusing to grant a mistrial; 2) whether the jury erred in failing to find a causal connection between the continuing back injury and the accident of November 15, 1988; 3) whether the award was clearly inadequate and erroneous; and 4) whether the trial court erred in assessing costs of the May 26,1992 jury venire against the plaintiff.

Refusal To Grant Mistrial

At the time of the accident Williams was 37 years old and had worked for construction companies as a heavy machinery operator. He had piloted helicopters in Vietnam during 1970-72 and had been treated at Veterans Administration hospitals for post-traumatic stress disorder and for alcohol abuse. He opposed the production of his hospital records on grounds that the opposing counsel’s use of the records at trial prejudiced him in a manner that could not be cured by the court’s admonition. The specific objection referred to statements that the plaintiff was “homeless” and had “received alcohol treatment several times.”
A trial judge is vested with broad discretion to grant a motion for mistrial, but only if no other remedy would afford relief or where justice would not be done if the trial were continued. Burks v. McKean, 559 So.2d 921 (La.App. 2nd Cir.), unit denied, 566 So.2d 398 (La.1990). In this case, one of the plaintiffs physicians, as well as the plaintiff himself, testified that he had had a problem with alcohol. The trial judge instructed the jury at length about the two statements, explaining that “homeless” referred here to a specific Veterans Administration (hereafter “V.A.”) program, and that the mere fact that a person has received treatment does not make him an alcoholic. The judge stated further that neither statement was relevant to the issues of the case. He also deleted those pages of the V.A. Hospital records that referred to alcohol abuse treatment.
We conclude that the trial judge’s explanation to the jury was adequate and that he did not abuse his discretion in denying the plaintiffs motion for new trial.

Causal Connection and Quantum

The plaintiffs counsel assumes from the minimal damage award that the jury found no causal relationship between the accident on November 15, 1988, and the subsequent ruptured disk, for which he had surgery on April 18, 1989. She seeks to have the award overturned and suggests that the plaintiff is entitled to $977,354. The defendants take the position that the record supports a finding that the plaintiff incurred no more than a soft tissue injury which resolved in a short time; the ruptured disk must have resulted from an intervening incident. From testimony and V.A. records, we have gleaned the following medical history.
In 1970-1972, Williams served in Vietnam, was in two helicopter crashes, and was shot in the leg. In 1985, he hurt his shoulder, leg and back when he fell from a bulldozer. In October, 1986, he underwent surgery for a perforated disk in the lumbar spine after lifting a heavy air conditioner, but returned to work in heavy construction within about seven months. He reported to the V.A. Hospital in New Orleans on August 3, 1988, complaining of intermittent low back pain, which he said he had experienced since the 1986 surgery. On October 15, 1988, a V.A. orthopedist examined him and scheduled *254 nerve conduction studies of both legs, but the November 15 accident intervened.
After the accident Williams was taken by ambulance to the V.A. Hospital emergency room. He testified that he left after waiting six hours without seeing a doctor. On the next day, November 16, he consulted Dr. Stewart Altman, a general surgeon, whose impression was that the plaintiff had a cervical spine sprain, a severe lumbosacral sprain, and a possible herniated disk. He treated him conservatively with medication for pain and muscle relaxers and with TENS therapy at his office. Dr. Altman discharged him to light duty on December 12 and to full duty on January 30, 1989, telling him to return if the symptoms recurred. Two months later, on April 3, Williams returned to Dr. Altman, complaining of gradually worsening pain in his back radiating into his hips, and numbness in the thighs. Dr. Altman found spasm in the lumbosacral area and a positive straight leg raising test bilaterally. The doctor advised him to be reevaluated by an orthopedist, as he might have a herniated disk at the L-5/S-2 level.
Williams was examined by Dr. Vaclav Hamsa on April 6,1989. A lumbar myogram and CT Scan showed a “very dramatic disk rupture” in the mid-line and to the left at level L-4, L-5. Dr. Hamsa performed a laminectomy on April 18 and released him for suitable employment on August 28, 1989. Dr. Hamsa testified that it was rare for a person with a second laminectomy to return to operating heavy equipment because of the requirements of the work (i.e., walking on uneven ground and climbing on and off heavy equipment). He suggested rehabilitation or a supervisory job in heavy construction. He commented that Williams is very strong and could lift up to 45 pounds occasionally and climb, stoop, and bend, but not on a prolonged basis. He estimated the impairment of Williams’ body to be 10% because of the two surgeries. The record contains no reference to efforts of the plaintiff toward rehabilitation or retraining.
In March 1990, Williams consulted Dr. Stewart Phillips, an orthopedic surgeon, because of persistent, moderate back pain radiating into the hips and thighs. Dr. Phillips determined from an MRI that “an extra piece of disk had pressed out and was pressing on a nerve.” He explained that laminec-tomy has a failure rate of 20%, and in Williams’ case a fusion was necessary. Dr. Phillips was still seeing Williams on a quarterly basis at the time of trial and was treating him with medication. He felt Williams was unable, to perform manual labor and estimated that he sustained a 50% functional loss of the lower back and 25% whole body disability.
The plaintiff maintains that he met the burden of proving that the disk problem and continuing back pain were caused by the November 15, 1988 accident. He points out that the treating physicians who testified were of the opinion that the accident caused the later problems.
Although the defendants presented no rebuttal witnesses and had not requested an examination by an independent medical examiner, they postulate two reasons for Williams’ ruptured disk and continuing back pain: that he had had intermittent back problems since his 1986 surgery; and that a second injury occurred between January 30, 1989, when Dr. Altman discharged him, and April 3, 1989, when he returned to Dr. Altman and then underwent surgery with Dr. Hamsa.
During the three day trial the defense cast doubts upon Williams’ veracity by pointing out conflicting reports of his condition in his deposition, job application, answers to interrogatories, and records of the treating physicians and V.A.
Dr. Altman testified that Williams told him of the 1986 laminectomy, stating that he was asymptomatic following recovery. Dr. Ham-sa was told that Williams returned to construction work with no problems, as was Dr. Phillips who testified that Williams reported the earlier surgery had been successful. In his Answers to Interrogatories, Williams stated: “I had previous back injuries, ... but had completely recovered from both injuries at the time of the accident which is the subject of this lawsuit.” A V.A. physician’s note dated August 10, 1988 recorded *255 Williams’ chief complaint as low back pain. The doctor stated:
Has experienced intermitting episodes since laminectomy/disceetomy 1986— claims Multiple Treatment Modalities provided in past has (sic) been ineffective....
The report stated that Williams was to continue taking Motrin. A psychologist’s report states that on August 17 and 18, 1988, Williams was seen for “relaxation practice” because of his “bad back which causes him pain.”
At trial, Williams denied having received treatment and medication for low back pain at the V.A. Hospital. He did admit having seen an orthopedist there in August and September 1988, in the course of a treatment program for post-traumatic stress disorder, but said the Motrin could have been prescribed for a headache.
The appellate court is bound by the manifest error rule and may not set aside a jury’s finding unless it is clearly wrong. As stated in Rosell v. ESCO, 549 So.2d 840, 844 (La.1989), “... [Wjhere there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” The Rosell court said further that great deference is to be given to the trier of fact’s findings regarding the credibility of witnesses; “... for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding the belief in what was said....” Id.
In this ease, the record supports the jury’s apparent disbelief in the plaintiffs veracity. We note that Dr. Hamsa did not see Dr. Altman’s reports or the V.A. records, but based his opinion on causation solely on the history as given by the plaintiff. He agreed that if indeed Dr. Altman found Williams to be asymptomatic and without any demonstrable abnormality on January 30, 1989, then the ruptured disk could have been caused by an intervening incident rather than the November accident. However, Dr. Hamsa felt it was more likely that there was a slow extrusion of the disk, owing to ordinary pressure and movement. Dr. Phillips had also relied upon Williams’ recitation, of the history. He agreed that once a back patient becomes asymptomatic there is no longer a causal connection between the precipitating accident or event. But he opined that in this case, Williams had a continuing injury and that there was no suggestion of an intervening trauma in Dr. Altman’s records, which he reviewed. Dr. Phillips remarked that a doctor does not know if his back patient is well until he has retened to work after conservative treatment. Williams testified that his only attempt to work since the accident was for two nights answering a telephone, which he discontinued because the pain worsened with long hours of sitting.
In summary, our review of the record indicates a reasonable basis for a finding that the plaintiff failed to prove that his back problems which arose after January 30, 1989, were attributable to the November 15, 1988 accident.
As to quantum, even considering that the second ruptured disk was not caused by the November accident, and mindful of the manifest error rule, we find that the jury awards for pain and suffering and for psychological damages are low and an abuse of discretion. See Hill v. Lamulle, 506 So.2d 690 (La.App. 5th Cir.1987), and cases cited therein. In this case, the injury from the accident was superimposed upon a previous back injury for which the plaintiff had undergone surgery. He incurred considerable pain over several months during which time he could not work. Williams had recently undergone treatment for post-traumatic stress disorder as a result of his war experience. In October, 1988, he was laid off from Shamrock Construction Company, allegedly because his part of the job had been completed, but had been hired by a mechanical engineering firm to do safety inspection work. The owner of the business, Lawrence H. Smith, testified that Williams was to begin working on November 17,1988, at $15.00 per hour, 50 hours per week. Smith said he presently had contracts that would keep Williams employed for at least a year and that others would probably come in, extend *256 ing his tenure if he worked out. To this plaintiff, who had undergone therapy at the V.A and had begun working again, the impact of the injury was especially upsetting.
Because of the effect of the injury upon this particular plaintiff, we consider that the general damage awards are so low as to be abusive of the jury’s much discretion. Having so found, we raise the awards to the lowest given in other cases with similar facts. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). For comparable soft tissue back injuries, see Woolfarth v. City of New Orleans, 572 So.2d 1194 (La.App. 4th Cir. 1990), where the plaintiff was awarded $25,-000 for pain and suffering; Bergeron v. Southeastern Louisiana University, 610 So.2d 986 (La.App. 1st Cir.1992), where the plaintiff was awarded $35,000 in general damages; Neal v. Highlands Insurance Company, 610 So.2d 177 (La.App. 3rd Cir. 1992), writ denied, 612 So.2d 100 (La.1993), where the plaintiff was awarded $45,000 in general damages; and Hill v. Lamulle, supra, where the award for a back injury which was not treated with surgery was raised from $10,000 to $25,000 for pain and suffering.
Accordingly, we raise the award to Mr. Williams for his pain and suffering to $25,-000. The jury here awarded Williams $3,000 in psychological damages. In consideration of the plaintiffs previous psychological problems, from which he was apparently recovering at the time of the accident with the expectation of appropriate employment, we find that $10,000 is a reasonable award for psychological damages, and so amend the award.
The itemized award as amended is as follows:
Pain and suffering, past $25,000.00
Medical expenses, past 1,390.69
Lost wages, past 7,500.00
Psychological damages 10,000.00
$43,890.69

Assessment of Jury Costs to Plaintiff

The plaintiff contests the assessment of jury costs of $2,407.00 against him as being contrary to law. The general rule is that the party against whom judgment is entered is cast for all costs, except where equity dictates otherwise. The trial date of May 26,1992 was set on March 31,1992. On April 10,1992, counsel for the plaintiff moved to continue the date because of a conflict, which motion was signed and filed into the record on April 14, 1992. Nonetheless, a jury venire was called for May 26. As counsel’s motion was timely, there was no reason for the jury to have been called; and as prevailing party, the plaintiff should not have the costs of the jury venire taxed against him, and we reverse that part of the judgment.
In summary, for the reasons stated above, the judgment appealed from is affirmed insofar as it finds the defendant, Dennis Diehl, negligent and 80% at fault and the defendant, Delta Asphalt Company, negligent and 20% at fault in causing the accident.
The judgment is amended to raise the award to the plaintiff for pain and suffering to $25,000.00 and the award for psychological damage to $10,000.00, raising the total award to $43,890.69, apportioned between Dennis Diehl and State Farm Mutual Automobile Insurance Company, in solido, for 80% and Delta Asphalt Company for 20%.
The judgment is reversed insofar as it taxed to the plaintiff the costs of the jury venire called for May 26, 1992, which trial date was continued; the sum of $2,407.00 is assessed against the defendants and apportioned 80%/20% as stated above.
In all other respects, the judgment is affirmed.
AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART, AND RENDERED.